```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 15-81696-CIV-GAYLES
                                  (14-80060-CR-GAYLES)
                           MAGISTRATE JUDGE P.A. WHITE
```

TIMOTHY WESLEY HALL,           :

    Movant,                    :            **REPORT OF**
                                      **MAGISTRATE JUDGE**

v.                             :

UNITED STATES OF AMERICA,      :

    Respondent.                :
_____

## I. Introduction

This matter is before the Court on the *pro se* movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 attacking his sentence for possession of a firearm by a convicted felon following a guilty plea in criminal case number 14-80060-CR-GAYLES.

This cause has been referred to the undersigned for consideration and report pursuant to Administrative Order 2003-19.

No order to show cause has been issued because, on the face of the petition, it is evident the petitioner is entitled to no relief. See 28 U.S.C. § 2255(b). ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

The Court has reviewed the habeas petition, the Presentence

Investigation Report ("PSI"), and all pertinent portions of the underlying criminal file.

## II. Claim

The petitioner raises the following claim in his Section 2255 motion:

1. The imposition of the mandatory-minimum sentence under the Armed Career Criminal Act was unconstitutional in light of <u>Johnson v. United States</u>, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

The petitioner contends that the court improperly used his prior convictions to qualify him for the enhanced Armed Career Criminal sentence under 18 U.S.C. § 924(e).

## III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. The movant was charged with being a felon in possession of a firearm. (CR-DE# 8). After a jury trial he was convicted and adjudicated guilty of the single charge of being a felon in possession of a firearm. (CR-DE# 77, 101). The PSI that was prepared for sentencing provided for a sentencing range of 210 to 262 months. The movant was determined to be an armed career criminal based on his prior convictions for violent felonies or serious drug offenses. He was sentenced as an armed career criminal to 262 months imprisonment. On October 14, 2015 his conviction and sentence were affirmed. (CR-DE# 147).

The movant timely filed the instant motion on November 27, 2015.

## IV. Discussion

Post-conviction relief is available to a federal prisoner under 28 U.S.C. §2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law." 28 U.S.C. §2255(a). Here the movant contends that his sentence was imposed in violation of the Constitution because the residual clause of the ACCA has been found unconstitutional.

The movant's claim is without merit as he was properly classified as an armed career criminal. His reliance on Johnson is misplaced. In Johnson the Court held that the residual clause of the ACCA was unconstitutionally vague and deprived defendants of due process. Johnson, 135 S.Ct. at 2557. The movant argues that under Johnson he does not have three prior convictions that qualify under 18 U.S.C. § 924(e). He fails to elaborate as to which of his prior felony convictions do not qualify under ACCA. A review of the PSI shows that the court did not resort to the residual clause of the ACCA in determining that the movant qualified for its enhanced penalties.

As noted in the PSI the petitioner has two prior convictions for possession with intent to sell cocaine. Both of these prior felony convictions qualify as serious drug offenses under the ACCA. See 18 U.S.C. § 924(e)(1)(defining serious drug offenses as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law"); United States v. Smith,

775 F.3d 1262, 1268 (11th Cir. 2014) cert. denied, 135 S. Ct. 2827, 192 L. Ed. 2d 864 (2015). Thus there was no need to resort to the residual clause to find that these two convictions qualified under the ACCA.

The PSI also included the movant's prior conviction for assault with a firearm. A "violent felony" is defined as:

> [A]ny crime punishable by imprisonment for a term exceeding one year ... that—
> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). Florida law defines an "assault" as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011. Assault with a firearm is merely an enhanced degree of the crime of assault. See Fla. Stat. § 784.021. Since the crime of assault with a firearm, otherwise termed aggravated assault, has as an element the threatened use of physical force against the person of another it categorically qualifies as a violent felony. Thus there was no need to resort to the residual clause to find that this conviction qualified under the ACCA.

Since the movant was properly classified as an armed career criminal without resort to the residual clause of the ACCA, the movant's reliance on Johnson is misplaced. He was properly sentenced as an armed career criminal and his claim should be denied.

4

### **V. Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### **VI. Conclusion**

Based on the foregoing, it is recommended that the motion to vacate be denied with prejudice and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 29th day of December, 2015.

                                    UNITED STATES MAGISTRATE JUDGE

cc:  Timothy Wesley Hall, pro se
     Reg. No. 05012-104
     Coleman I-USP
     United States Penitentiary
     Inmate Mail/Parcels
     Post Office Box 1033
     Coleman, FL 33521

     Adam C. McMichael
     US Attorney's Office
     500 S. Australian Avenue
     Suite 400
     West Palm Beach, FL 33401