UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TIMOTHY WESLEY HALL,
   Petitioner,

v.              Case No. 15-81696-CIV-GAYLES/WHITE

UNITED STATES OF AMERICA,
   Respondent.
_____/

UNITED STATES OF AMERICA

v.              Case No. 14-80060-CR-GAYLES

TIMOTHY WESLEY HALL,
   Defendant.
_____/

## ORDER

  **THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 7] entered on January 4, 2016. Petitioner Timothy Wesley Hall filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on December 14, 2015 ("Motion") [ECF No. 1]. The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, nondispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. Judge White's Report recommends (1) that the Court deny the Petitioner's Motion and (2) that a certificate of appealability be denied. *See* Report at 5.

  The Petitioner timely filed objections to the Report. [ECF No. 8]. When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). The Court has undertaken a *de novo* review of the record, including

1

the Report, the Petitioner's objections, the underlying record, and the relevant legal authority. For the reasons set forth below, the Court rejects the Petitioner's objections and affirms and adopts Judge White's Report and Recommendation.

I.  **BACKGROUND**

On March 24, 2014, the Petitioner was arrested in connection with a narcotics buy/bust operation and, at the time of his arrest, was found to be in possession of a handgun. *See* No. 14-cr-80060, ECF No. 1. After a criminal history check revealed that the Petitioner was a convicted felon, he was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* No. 14-cr-80060, ECF Nos. 1 & 8. After a jury trial held on September 23 and 24, 2014, he was convicted and adjudicated guilty of that charge. No. 14-cr-80060, ECF No. 77.

The Presentence Investigation Report ("PSI") prepared in advance of sentencing provided for a sentencing range of 210 to 262 months of imprisonment, based, in part, on the fact that the Petitioner qualifies as an "armed career criminal," as defined under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). This Court determined the Petitioner satisfied the requirements for the armed career criminal sentencing enhancement, based on his current conviction for felon-in-possession and three prior predicate convictions: two separate convictions for possession with intent to sell cocaine in 1988, *see* PSI at 7 ¶¶ 24-25, and one conviction for assault with a firearm in 2010, *see id.* at 13 ¶ 49. On December 3, 2014, the Court sentenced the Petitioner as an armed career criminal to 262 months' imprisonment. *See* Transcript of Sentencing Hr'g, Dec. 3, 2014, No. 14-80060, ECF No. 124 at 29-30, 36. The U.S. Court of Appeals for the Eleventh Circuit summarily affirmed the Petitioner's conviction and sentence on October 14, 2015. *United States v. Hall*, 618 F. App'x 657 (11th Cir. 2015) (per curiam) (mem.).

The Petitioner timely filed the instant Motion on November 27, 2015, arguing that the sentence enhancement the Court imposed under the ACCA is unconstitutional in light of the

2

Supreme Court's decision in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015). Judge White issued no order to show cause to the Government directing it to respond to the Motion because, pursuant to 28 U.S.C. § 2255(b), he found it evident that the Petitioner was not entitled to relief. *See* Report at 1. He ultimately recommended that this Court deny the Motion because the Petitioner was properly classified at sentencing as an armed career criminal. *See id.* at 3.

## II.   DISCUSSION

The ACCA provides for a mandatory minimum sentence when a defendant is convicted of a violation under 18 U.S.C. § 922(g) and has three previous convictions by any court for a violent felony, a serious drug offense, or both, committed on different occasions. 18 U.S.C. § 924(e)(1). In the criminal action underlying this Motion, the Petitioner was convicted of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1), which initially opens the door to a sentencing enhancement under the ACCA.

The Petitioner's motion has its genesis in *Johnson v. United States*, handed down less than a year ago, in which the Supreme Court held that the so-called "residual clause" of the ACCA was unconstitutional. *See* 135 S. Ct. 2551. As the Eleventh Circuit recently summarized:

> Prior to the Supreme Court's ruling in *Johnson*, a felony [under the ACCA] could be classified as a violent felony in three ways: the "elements clause," the "enumerated clause," and the residual clause. The elements clause provides that a crime punishable by more than one year constitutes a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The enumerated clause includes a felony if it "is burglary, arson, or extortion, [or] involves the use of explosives." *Id.* § 924(e)(2)(B)(ii). Finally, the residual clause includes any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* . . . [T]he Supreme Court struck down the residual clause as unconstitutionally vague in *Johnson*. 135 S. Ct. at 2557. Therefore, an offense now only constitutes a violent felony if it meets the criteria included in the elements or enumerated clause.

*United States v. Mariano*, — F. App'x —, 2016 WL 285401, at *6 (11th Cir. Jan. 25, 2016) (per curiam). *Johnson*'s holding applies retroactively to a first motion to vacate. *See In re Rivero*, 797

3

F.3d 986, 991 (11th Cir. 2015). The Petitioner, however, is not entitled to its benefits because none of his three ACCA predicate convictions fall under the now-unconstitutional residual clause.

First, the Petitioner's two prior convictions for possession with intent to sell cocaine qualify as "serious drug offenses" under the ACCA, which the Act defines as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i). Section 893.13(1) of the Florida Statutes, which prohibits possession with intent to sell a controlled substance (including cocaine, *see* Fla. Stat. §§ 893.13(1)(a), 893.03(2))—and under which the Petitioner was convicted—is a "serious drug offense" for ACCA purposes. *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2827 (2015). But the residual clause applied only to the ACCA's definition of a "violent felony," not its definition of a "serious drug offense," and so the Petitioner's reliance on *Johnson* in objecting to the classification of these two convictions as predicate offenses is misplaced.

Second, the Petitioner's conviction for assault with a firearm qualifies as a violent felony under the ACCA's elements clause, which remains unaffected by *Johnson*. As stated *supra*, the elements clause provides that a crime punishable by more than one year constitutes a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Mariano*, 2016 WL 285401, at *6 (quoting 18 U.S.C. § 924(e)(2)(B)(i)) (internal quotation marks omitted). And, as Judge White stated in the Report, "Florida law defines an 'assault' as 'an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.'" Report at 4 (quoting Fla. Stat. § 784.011). Assault with a firearm is an enhanced degree of the crime of assault. Fla. Stat.

4

§ 784.021. Therefore, because the crime of assault with a firearm in Florida has as an element the use, attempted use, or threatened use of physical force against the person of another, the offense qualifies as a violent felony under the elements clause of the ACCA. *Cf. United States v. Anderson*, 442 F. App'x 537, 539-40 (11th Cir. 2011) (per curiam) (affirming district court's finding that a defendant's Alabama assault conviction was a violent felony under the ACCA's elements clause).

Accordingly, because the Petitioner was convicted of three valid ACCA predicate offenses, none of which relied on the residual clause of the ACCA, he was properly classified by this Court as an armed career criminal and sentenced appropriately. The Court has reviewed the Petitioner's objections and finds them to be without merit.[1]

\* \* \*

Finally, under 28 U.S.C. § 2253(c)(1), an appeal may not be taken from a final order in a habeas corpus proceeding unless a certificate of appealability is issued. The certificate must contain a finding that the applicant has made a substantial showing of the denial of a constitutional right and must indicate which specific issue or issues satisfy the required showing. Applying these standards, the Court finds that the Petitioner has not made substantial showing of a denial of a constitutional right. Accordingly, a certificate of appealability shall not issue.

### III. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Petitioner's Objections [ECF No. 8] are **OVER-RULED** and that Judge White's Report and Recommendation [ECF No. 7] is **AFFIRMED AND ADOPTED** as follows:

---

[1] It appears that the Petitioner raised new arguments in his objections. District courts are under no obligation to consider novel evidence and legal argument raised for the first time in an objection to a report and recommendation. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has the discretion to decline to consider a party's argument when that argument is not first presented to the magistrate judge.").

(1) the Petitioner Timothy Wesley Hall's Motion to Vacate [ECF No. 1] is **DENIED**;

(2) a certificate of appealability shall not issue;

(3) all pending motions, if any, are **DENIED AS MOOT**;

(4) this case is **DISMISSED WITH PREJUDICE**; and

(5) the Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of January, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE